UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
K-BEECH, INC.,

                      Plaintiff,                         **Civil Action No. 2:11-cv-03995 (DRH/AKT)**

   -against-

JOHN DOES 1-37,

                      Defendants.
---------------------------------------------------------------x

## MEMORANDUM OF LAW:

## MOTION TO QUASH SUBPOENA PURSUANT TO FED. R. CIV. P. 45(c)(3)

Geisa Balla, Esq. (GB-2643)
On the Brief
Dated: October 17, 2011

                                                                    Wong, Wong & Associates, P.C.
                                                                    150 Broadway, Suite 1588
                                                                    New York, NY 10038
                                                                    (212) 566-8080
                                                                    *Attorneys for Defendant John Doe #32*

# **TABLE OF AUTHORITIES**

Cases

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) .......................... 4, 6

*Capital Records, Inc. v. Wings Digital Corp.*, 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002) .......................... 4

*Corbis Corp. v. UGO Networks, Inc.*, 322 F. Supp2d 520, 521-2 (S.D.N.Y. 2004) .......................... 5

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) .......................... 4

*Lewinson v. Henry Holt & Co.*, 659 F. Supp. 2d 547, 559 (S.D.N.Y. 2009) .......................... 4

*K-Beech, Inc., v. Does 1-29*, 2011 WL 44001933 (Sept. 19, 2011) .......................... 4, 6

*K-Beech, Inc. v. John Does 1-52*, (2011-cv-3994) (Sept. 30, 2011) .......................... 6

*Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010) .......................... 4


Rule

Fed. R. Civ. P. 26 .......................... 3

Fed. R. Civ. P. 45 .......................... **3**

**PRELIMINARY STATEMENT**

The subpoena against John Doe #32 ("Doe" or "Defendant") ("the Subpoena") should be quashed.  Plaintiff K-Beech Inc., ("Plaintiff" or "K-Beech") brought a copyright infringement claim against thirty-seven anonymous "Doe Defendants" on August 19, 2011 (See the "Complaint," Exhibit A to the Declaration of Geisa Balla).  In the Complaint Plaintiff alleged that all these Doe defendants copied elements of the original film "Gang Bang Virgins", ("the Work") by using a BitTorrent client and protocol.  Plaintiff then sought to obtain expedited discovery and sought subpoenas, before a Rule 26(f) meeting was held, on various internet service providers to release the information of the Doe Defendants related to the IP addresses that had allegedly downloaded the Work.  The Court granted Plaintiff's subpoenas on September 16, 2011, and provided the Doe Defendants fourteen (14) days from receipt of the subpoena from the internet service provider to either move to quash or otherwise object to the subpoena. (See Exhibit B to the Declaration of Geisa Balla). Defendant John Doe #32 received notice of the Subpoena from its internet service provider on October 3, 2011, and is now filing a timely motion to quash the aforementioned Subpoena.

The Court should not allow such improper discovery, and should quash this Subpoena for Plaintiff's failure to plead a prima facie copyright infringement claim because Plaintiff does not have a registered copyright in the Work.

**ARGUMENT: PLAINTIFF HAS FAILED TO PLEAD A PRIMA FACIE COPYRIGHT INFRINGEMENT CLAIM**

The Subpoena should be quashed because Plaintiff has failed to plead that the Work is registered with the Copyright Office.  Under Rule 26(d)(1) "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when

3

authorized by these rules, by stipulation or a by court order." In the Eastern District of New York, "courts will allow a party to issue a subpoena under Federal Rule of Civil Procedure 45 to discover a Doe defendant's identity when there is (1) a concrete showing of a prima facie claim of copyright infringement; (2) a specific discovery request; (3) an absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) a minimal expectation of privacy by the defendants in the subpoenaed information." *K-Beech, Inc., v. Does 1-29*, 2011 WL 44001933, at *1 (Sept. 19, 2011), citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).  Consequently, Plaintiff's subpoena should be quashed because it has failed to satisfy the first requirement of allowing a Rule 45 subpoena to uncover a Doe's identity, "a concrete showing of a prima facie claim of copyright infringement." *K-Beech, Inc.,* 2011 WL 44001933, at *1.

      **1. The Subpoena Should be Quashed Because Plaintiff Does not Have a Registered Copyright in the Work.**

Plaintiff has failed to establish a prima facie copyright infringement claim because the Work is not registered.  To establish a claim for copyright infringement, a plaintiff must allege "1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Also, "[t]he Copyright Act . . . requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010), citing 17 U.S.C. §411(a).  "Submission of an application for copyright registration does not satisfy the registration precondition of §411(a)." *K-Beech, Inc.,* 2011 WL 44001933, at *1, *citing Lewinson v. Henry Holt & Co.*, 659 F. Supp. 2d 547, 559 (S.D.N.Y. 2009) ("registration is a jurisdictional precondition for bringing an infringement action in federal court"), *Capital Records, Inc. v. Wings Digital Corp.*, 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002) (portions of complaint seeking

4

copyright infringement based upon pending registrations dismissed). "The federal district courts do not have jurisdiction over a claim for federal copyright infringement until the Copyright Office has either approved or refused the pending application for registration." *Corbis Corp. v. UGO Networks, Inc.*, 322 F. Supp2d 520, 521-2 (S.D.N.Y. 2004).

Here, Plaintiff's Complaint fails to establish a prima facie copyright claim because the Work on which Plaintiff claims copyright ownership is *not* registered with the Copyright Office. As Plaintiff pleads in its Complaint, application for copyright registration for the Work was submitted (Complaint, Exhibit A to the Declaration of Geisa Balla, ¶11). No allegation of a registered copyright was made. Plaintiff's Exhibit B to the Complaint only shows an application submitted to the Copyright Office. Plaintiff has *not* established that the Work is actually registered with the Copyright Office, a pre-condition to bringing this claim in the federal district courts. Counsel for Defendant called the United States Copyright Office to inquire about the status of the application for the Work, and discovered that the Work was not in fact yet registered with the Copyright Office. (See Declaration of Geisa Balla, ¶¶ 2-4). The Subpoena should be quashed because Plaintiff has failed to establish that this copyright infringement claim should actually be heard in this court.

### 2. The Subpoena Should be Quashed; Identical Subpoenas Were Denied for Lack of a Registered Copyright.

While K-Beech has instituted dozens of actions across the country for an alleged copyright infringement of the Work, it has filed no less than five almost identical actions in the United States District Court for the Eastern District alone (See Exhibit C to the Declaration of Geisa Balla). Of the five actions in the Eastern District, K-Beech has moved for leave to serve third-party subpoenas prior to a Rule 26(f) conference in two of the three actions. Only in this underlying action has K-Beech's motion for leave been granted.

5

In *K-Beech, Inc. v. John Does 1-29*, (2011-cv-3331) (See Order and Decision, Exhibit D to the Declaration of Geisa Balla) Plaintiff, K-Beech, alleged that an application for Copyright Registration for the motion picture "Virgins 4" was submitted, and attached a copy of said application in support of this allegation. In *K-Beech, Inc. v. John Does 1-52*, (2011-cv-3994), (See Order and Decision, Exhibit E to the Declaration of Geisa Balla) Plaintiff, K-Beech, again alleged that an application for Copyright Registration for the motion picture "Virgins 4" was submitted, and attached a copy of said application in support of this allegation. Under the review of Magistrate Judge, E. Thomas Boyle, this Court, in *K-Beech, Inc. v. John Does 1-29* and *K-Beech, Inc. v. John Does 1-52*, denied K-Beech's motion for various reasons, the most relevant being K-Beech's failure to make a prima facie claim of copyright infringement. In both actions, Hon. E. Thomas Boyle denied Plaintiff's motions for leave, as Plaintiff only alleged that the registration for "Virgins 4" was pending. Hon. E. Thomas Boyle relied on *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d. Cir. 2010), where the Court held that a concrete showing of a prima facie claim would be required to allow a party to issue a subpoena under Fed. R. Civ. P. 45. (See Exhibit D to the Declaration of Geisa Balla). Finding that a plaintiff must hold a registered copyright before suing for copyright infringement, Hon. E. Thomas Boyle held that K-Beech did not properly plead all of the elements of a copyright infringement claim, and denied K-Beech's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 16(f) conference. (See Exhibit D to the Declaration of Geisa Balla).

This action is identical to *K-Beech, Inc. v. John Does 1-29* (2011-cv-3331) and *K-Beech, Inc. v. John Does 1-52* (2011-cv-3994). In this action, K-Beech only alleges that an application for Copyright Registration has been submitted for the Work, "Gang Bang Virgins." (See Complaint, Exhibit A to the Declaration of Geisa Balla, ¶¶11-12). As in the other actions,

Plaintiff here lacks a registered copyright, and cannot bring this lawsuit in the federal court. In the above-referenced actions, K-Beech's motions for leave to file a subpoena were denied because of its failure to allege a registered copyright. Here, the Court granted the motion for leave to file a subpoena, despite the fact that K-Beech does not have a registered copyright in the Work. However, the Court should quash this subpoena to prevent inconsistent decisions with this Court, and with well-established case law in the district courts.

## CONCLUSION

Plaintiff does not have a registered copyright in the Work, and, therefore, cannot bring a copyright infringement claim in this Court. Plaintiff has failed to make a concrete showing of a prima facie claim of copyright infringement. Plaintiff's Subpoena should be quashed.

Respectfully submitted,

WONG, WONG & ASSOCIATES, P.C.

By: s/ Geisa Balla
Geisa Balla, Esq. (GB-2643)
150 Broadway, Suite 1588
New York, NY 10017
(212)566-8080

Dated: October 17, 2011
New York, New York