**ILLANA RAM**
ATTORNEY AT LAW
560 FIFTH AVENUE, 3RD FLOOR
NEW YORK, NY 10036

TEL: (212) 613-1900
FAX: (212) 629-0942

October 27, 2011

**Via ECF Filing**
Honorable A. Kathleen Tomlinson
United States District Court Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

      Re:   *K-Beech, Inc. vs. John Does 1-37;*;
                <u>Case Number: 11 CV 3995 (U.S. District Court for the Eastern District of NY)</u>

Dear Magistrate Judge Tomlinson:

      I, along with James P. Rosenzweig, Esq. represent one of the alleged Defendants in this matter, "John Doe No. 29" (known as IP 108.21.56.57). Pursuant to your Individual Court Practices, please let this letter serve as our "Letter Motion" to quash the Subpoena served upon Verizon Internet Services/Verizon Online ("Verizon Subpoena") pursuant to Fed. R. Civ. P. 45(c)(3).

      This letter also seeks to join in the motions of John Doe No. 10 (24.190.15.56) and John Doe No. 32 ((173.52.248.45) also seeking to quash the Verizon Subpoena and a similar subpoena served upon another Internet Service Provider ("ISP"), Optimum Online.

      Plaintiff K-Beech Inc ("Plaintiff") commenced this copyright infringement claim against thirty-seven (37) anonymous "Doe Defendants" (the "Doe Defendants"). The Plaintiff has alleged that these Doe Defendants copied elements of the original copyrighted film, "Gang Bang Virgins" (the "Work") using a BitTorrent client and protocol. Plaintiff then sought to obtain expedited discovery and sought subpoenas, before a Rule 26(f) conference was held, on various ISP's to release certain personal information and the identities pertaining to the Doe Defendants who allegedly downloaded the Work.

      Defendant John Doe No. 29 seeks to move to quash the Verizon Subpoena because the Subpoena seeks documents and information which is confidential, and violates John Doe No. 29's right to anonymity under the U.S. Constitution. Further, as the Plaintiff has not shown that the Work is indeed subject to copyright protection, it cannot claim copyright infringement and thus is not entitled to the information it seeks from the ISP Providers.

      Pursuant to Fed. R. Civ. P. (45(c)(3)(A)(iii), a subpoena shall be quashed if "it requires disclosure of privileged or other protected matter and no exception or waiver applies". The Verizon Subpoena seeks information which would violate John Do. No. 29's First Amendment right to engage in anonymous speech.

      The Supreme Court has recognized that the First Amendment protects anonymous speech. *See* <u>Buckley vs. American Constitutional Law Found.</u>, 525 U.S. 182, 200, 119 S.Ct. 636 (1999). As the Court

Honorable A. Kathleen Tomlinson
October 27, 2011
Page 2 of 2

held, "a[nonymity is a shield from the tyranny of the majority". <u>McIntyre vs. Ohio Elections Comm'n</u>, 514 U.S. 334, 357, 115 S.Ct. 1511 (1995). It is also well-settled that the First Amendment's protection extends to the Internet. <u>Reno vs. ACLU</u>, 521 U.S. 844, 870, 117 S.Ct. 2329 (1997). In fact, the Internet is a particularly effective forum for the dissemination of anonymous speech. *See, e.g.*, <u>22The Mart.Com</u>, 140 F.Supp.2d at 1092, 1097 ("Internet anonymity facilitates the rich, diverse, and far ranging exchange of ideas...The constitutional rights of Internet users, including the First Amendment right to speak anonymously, must be carefully safeguarded"). <u>United States vs. Perez</u>, 247 F.Supp.2d 459, 161 (S.D.N.Y 2003).

While anonymous speech, like speech from identifiable sources does not have absolute protection, and does not protect copyright infringement, and the Supreme Court has rejected First Amendment challenges to copyright infringement actions (*see, e.g.,* <u>Sony Music Entertainment Inc. vs. Does</u> 1-40, 326 F.Supp.2d 556, 562-563 (S.D.NY 2004) *quoting* <u>Harper & Row Publishers, Inc. vs. Nation Enters.</u>, 471 U.S.539, 555-56, 569, 105 S.Ct. 2218 (1995), (1) the Work is not subject to Copyright Protection and (2) John Doe. No. 29 did not engage in copyright infringement.

For a substantive discussion on why the Plaintiff has failed to plead a prima facie copyright infringement claim, see John Doe No. 32's Memorandum in Support of its Motion to Quash Subpoena dated October 17, 2011, at Pages 3-7.

Further, Defendant John Doe. No. 29's anonymity should be protected as he/she did not engage in copyright infringement. This Defendant is an elderly person (in his/her mid 80's), rarely uses the Internet or his/her computer (and admittedly, does not know how to "download") and never downloaded BitTorrrent technology in order to download the Plaintiff's alleged copyrighted Work "Gang Bang Virgins", a work that (as the title suggests) depicts pornography. Most likely, John Doe. No. 29's computer and IP address were utilized without John Doe. 29's permission to download Plaintiff's Work because his/her IP address is insecure and unlocked and was hacked and/or accessed by an unknown party at an unknown location via "piggy-backing". Further, given John Doe. No. 29's age, it is extremely unlikely that he/she downloaded portions of the purported Work.

Whereby, John Doe No. 29 requests that the Verizon Subpoena be quashed, with such other and further relief as the Court deems proper. Thank you.

Respectfully Submitted,

Illana Ram, Esq. (IR-9989)

cc:   James P. Rosenzweig, Esq. (JR-4810
gballa@wongwonglaw.com
Fabramson@abramsonlegal.com
Verizon Internet Services via Fax: (325) 949-6916