UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| K-BEECH, INC.,<br><br>                Plaintiff,<br>- against –<br><br>JOHN DOES 1-37<br>                Defendants. | Civil Action No. 11-3995 (DRH)(AKT)<br><br>**CERTIIFICATE OF SERVICE** |

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 27 2011 ★

LONG ISLAND OFFICE

STATE OF NEW YORK)
                ) ss.:
COUNTY OF NASSAU )

The undersigned being duly sworn, deposes and says:

I am over 18 years of age and reside in Long Beach, NY.

That on October 26, 2011 deponent served a copy of a MOTION TO QUASH, on United States District Court for the Eastern District of New York, A. Kathleen Tomlinson, Magistrate Judge, 100 Federal Plaza, PO Box 9014, Central Islip, NY 11722-9014, Courtroom 910; FREDERIC R. ABRAMSON, Esq., 160 Broadway, Suite 500, New York, NY 10038; Optimum Online c/o CSC HOLDINGS, INC. (Cablevision Systems), 1111 Stewart Avenue, Bethpage, NY 11714; and Geisa Balla of Wong Wong & Associates PC, 150 Broadway, Suite 1588, New York, NY 10038, by depositing a true copy of same enclosed in a postpaid properly addressed registered return receipt wrapper in a post office official depository under the exclusive care and custody of The United States Postal Service within the State of New York.

                                                                                 *John Doe No. 16*
                                                                                  John Doe No. 16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| K-BEECH, INC., <br><br> Plaintiff, <br><br> - against – <br><br> JOHN DOES 1-37 <br><br> Defendants. | Civil Action No. 11-3995 (DRH)(AKT) <br><br> **NOTICE OF MOTION TO QUASH PLAINTIFF'S SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER** |

**PLEASE TAKE NOTICE** that, upon the Declaration of John Doe #16, the accompanying memorandum of law, and the motion papers/exhibits filed in connection with John Doe #32's motion to quash (see Doc. 8), the motion papers/exhibits filed in connection with John Doe's motion to Quash (see Doc. 7), Defendant, "JOHN DOE # 16," will move this Court before The Honorable A. Kathleen Tomlinson, in the United States District Court for the Eastern District of New York located at 110 Federal Plaza, Central Islip, New York 11722, on a date and time to be set by the Court or as soon as possible thereafter for an order granting Defendant's Motion to Quash The Subpoena for all John Does Pursuant to Fed. R. Civ. P. 45 (c)(3) or, in the alternative, for a protective order.

Dated: October 26, 2011
Nassau County, New York

/s/ John Doe #16
John Doe #16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

K-BEECH, INC.,

              Plaintiff,

- against –

JOHN DOES 1-37

              Defendants.

Civil Action No. 11-3995 (DRH)(AKT)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN DOE #16's
MOTION TO QUASH THE SUBPOENA PURSUANT TO FED. R. CIV. P. 45(c)(3), OR,
IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER.**

John Doe No. 16
Pro Se Defendant

# TABLE OF AUTHORITIES

**Cases**

| | |
|---|---|
| Arista Records, LLC v. Doe 3, 604 F .3d 110, 119 (2d Cir. 2010) | 4,6 |
| Capital Records, Inc. v. Wings Digital Corp., 218 F. Supp. 2d 280,284 (E.D.N.Y. 2002) | 4 |
| Corbis Corp. v. UGO NetOffensive Materials. Inc.. 322 F. Supp2d 520, 521-2 (S.D.N.Y. 2004) | 5 |
| Feist Publ 'ns, Inc. v. Rural Tel. Servo Co., 499 U.S. 340 (1991) | 4 |
| Lewinson V. Henry Holt & Co., 659 F. Supp. 2d 547, 559 (S.D.N.Y. 2009) | 4 |
| K-Beech, Inc., V. Does 1-29, 2011 WL 44001933 (Sept. 19,2011) | 4,6 |
| K-Beech, Inc. V. John Does 1-52, (2011-cv-3994) (Sept. 30,2011) | 6 |
| Reed Elsevier, Inc. V. Muchnick, 130 S. Ct. 1237 (2010) | 4 |

Rule
Fed. R. Civ.   P. 26 3
Fed. R. Civ.   P. 45 3

## I. PRELIMINARY STATEMENT

The subpoena against John Doe #16 ("Doe" or "Defendant") ("the Subpoena") and all the other John Does should be quashed. Plaintiff K-Beech Inc., ("Plaintiff" or "K-Beech") brought a copyright infringement claim against thirty-seven anonymous "Doe Defendants" on August 19, 2011. *See* Complaint, Doc. 1. In the Complaint Plaintiff alleged that all the Defendants copied elements of the original film "Gang Bang Virgins," (the "Offensive Material") by using a BitTorrent client and protocol. Plaintiff then sought to obtain expedited discovery and sought subpoenas, before a Rule 26(f) meeting was held, on various internet service providers to release the personal information of the Defendants related to the IP addresses that had allegedly downloaded the Offensive Material. The Court granted Plaintiffs subpoenas on September 16, 2011, and provided the Doe Defendants fourteen (14) days from receipt of the subpoena from the internet service provider to either move to quash or otherwise object to the subpoena. (See Declaration of Geisa Balla, Doc. 8-3). Defendant John Doe #16 received notice of the Subpoena from its internet service provider soon thereafter, and is now filing a timely motion to quash the aforementioned Subpoena. The Court should not allow such improper discovery, and should quash this Subpoena for Plaintiffs failure to plead a prima facie copyright infringement claim because Plaintiff does not have a registered copyright in the Offensive Material.

Additionally, it is John Doe #16's belief that Plaintiff brings this claim to improperly seek a "settlement" from Defendant (and other John Does) whose only wrong, at worst, was to have an unsecured wireless router. *See* Doe #16 Declaration. Defendant spoke with a representative for Plaintiff in an attempt to prove Defendant's innocence and avoid having to file the instant motion. Towards this end, Plaintiff was offered any and all evidence of Defendant's (including Defendant's computer to show that the required software was never on the computer, Defendant's employment records showing Defendant's whereabouts, sworn declarations, etc), but Plaintiff was not interested. *See* Doe #16 Declaration. Instead, Plaintiff sought to push forward, apparently seeking a settlement of thousands of dollars in for not ruining Defendant's reputation and employment prospects by associating Defendant's good name with the allegations of downloading the Offensive Material. *See*

Doe #16 Declaration. Plaintiff should not be permitted to use the judicial process as a sword to improperly victimize innocent individuals, especially when Plaintiff turns a blind eye to any offers of evidence that would prove Defendant's is not culpable for the alleged misconduct. Accordingly, Defendant hereby requests that the Court issue a Protective Order prohibiting Defendant's name and contact information from being disclosed to Plaintiff and the public.

Plaintiff also improperly joins all John Does, even though their acts were not in concert with each other. Defendant hereby incorporates by reference the motion to quash filed by John Doe in Docket No. 7.

## II. ARGUMENT: PLAINTIFF HAS FAILED TO PLEAD A PRIMA FACIE COPYRIGHT INFRINGEMENT CLAIM

The Subpoena should be quashed because Plaintiff has failed to plead that the Offensive Material is registered with the Copyright Office. Under Rule 26(d)(1) "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation or a by court order." In the Eastern District of New York, "courts will allow a party to issue a subpoena under Federal Rule of Civil Procedure 45 to discover a Doe defendant's identity when there is (1) a concrete showing of a prima facie claim of copyright infringement; (2) a specific discovery request; (3) an absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) a minimal expectation of privacy by the defendants in the subpoenaed information." *K-Beech, Inc.*, v. *Does* 1-29, 2011 WL 44001933, at *1 (Sept. 19, 2011), citing *Arista Records, LLC* v. *Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). Consequently, Plaintiffs subpoena should be quashed because it has failed to satisfy the first requirement of allowing a Rule 45 subpoena to uncover a Doe's identity, "a concrete showing of a prima facie claim of copyright infringement." *K-Beech, Inc.*, 2011 WL 44001933, at *1.

### A. The Subpoena Should Be Quashed Because Plaintiff Does Not Have A Registered Copyright in the Offensive Material.

Plaintiff has failed to establish a prima facie copyright infringement claim because the Offensive Material is not registered. To establish a claim for copyright infringement, a plaintiff must

allege "1) ownership of a valid copyright, and (2) copying of constituent elements of the Offensive Material that are original." *Feist Publ'ns, Inc.* v. *Rural Tel. Servo Co.*, 499 U.S. 340, 361 (1991). Also, "[t]he Copyright Act ... requires copyright holders to register their Offensive Materials before suing for copyright infringement." *Reed Elsevier, Inc.* V. *Muchnick.* 130 S. Ct. 1237, 1241 (2010), citing 17 U.S.C. §411(a). "Submission of an application for copyright registration does not satisfy the registration precondition of §411(a)." *K-Beech, Inc.*, 2011 WL 44001933, at *1, *citing Lewinson* V. *Henry Holt & Co.*, 659 F. Supp. 2d 547, 559 (S.D.N.Y. 2009) ("registration is a jurisdictional precondition for bringing an infringement action in federal court"), *Capital Records, Inc.* V. *Wings Digital Corp.*, 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002) (portions of complaint seeking copyright infringement based upon pending registrations dismissed). "The federal district courts do not have jurisdiction over a claim for federal copyright infringement until the Copyright Office has either approved or refused the pending application for registration." *Corbis Corp.* v. *UGO NetOffensive Materials, Inc.*, 322 F. Supp2d 520, 521-2 (S.D.N.Y. 2004).

Here, Plaintiffs Complaint fails to establish a prima facie copyright claim because the Offensive Material on which Plaintiff claims copyright ownership is *not* registered with the Copyright Office. As Plaintiff pleads in its Complaint, the application for copyright registration for the Offensive Material was submitted (See Complaint, Doc. 1; Ex. A to the Declaration of Geisa Balla, ¶ 11, Doc. 8-3). No allegation of a registered copyright was made. Plaintiff's Exhibit B to the Complaint only shows an application submitted to the Copyright Office. Plaintiff has *not* established that the Offensive Material is actually registered with the Copyright Office, a precondition to bringing this claim in the federal district courts. Counsel for Defendant Doe #32 called the United States Copyright Office to inquire about the status of the application for the Offensive Material, and discovered that the Offensive Material was not in fact yet registered with the Copyright Office. (See Declaration of Geisa Balla, ¶¶ 2-4, Doc. 8-3). The Subpoena should be quashed because Plaintiff has failed to establish that this copyright infringement claim should actually be heard in this court.

**B. The Subpoena Should be Quashed; Identical Subpoenas Were Denied for Lack of a Registered Copyright.**

While K-Beech has instituted dozens of actions across the country for an alleged copyright infringement of the Offensive Material, it has filed no less than five almost identical actions in the United States District Court for the Eastern District alone (See Exhibit C to the Declaration of Geisa Balla, Doc. 3). Of the five actions in the Eastern District, K-Beech has moved for leave to serve third-party subpoenas prior to a Rule 26(f) conference in two of the three actions. Only in this underlying action has K-Beech's motion for leave been granted.

In *K-Beech, Inc. v. John Does 1-29*, (11-cv-3331) (See Order and Decision, Exhibit D to the Declaration of Geisa Balla, Doc. 8-3) Plaintiff, K-Beech, alleged that an application for Copyright Registration for the motion picture "Virgins 4" was submitted, and attached a copy of said application in support of this allegation. In *K-Beech, Inc. v. John Does 1-52*, (2011-cv-3994), (See Order and Decision, Exhibit E to the Declaration of Geisa Balla, Doc. 8-3) Plaintiff, K-Beech, again alleged that an application for Copyright Registration for the motion picture "Virgins 4" was submitted, and attached a copy of said application in support of this allegation. Under the review of Magistrate Judge, E. Thomas Boyle, this Court, in *K-Beech, Inc. v. John Does 1-29* and *K-Beech, Inc. v. John Does 1-52*, denied K-Beech's motion for various reasons, the most relevant being K-Beech's failure to make a prima facie claim of copyright infringement. In both actions, Hon. E. Thomas Boyle denied Plaintiff's motions for leave, as Plaintiff only alleged that the registration for "Virgins 4" was pending. Hon. E. Thomas Boyle relied on *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d. Cir. 2010), where the Court held that a concrete showing of a prima facie claim would be required to allow a party to issue a subpoena under Fed. R. Civ. P. 45. (See Exhibit D to the Declaration of Geisa Balla, Doc. 8-3). Finding that a plaintiff must hold a registered copyright before suing for copyright infringement, Hon. E. Thomas Boyle held that K-Beech did not properly plead all of the elements of a copyright infringement claim, and denied K-Beech's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 16(f) conference. (See Exhibit D to the Declaration of Geisa Balla, Doc, 8-3).

This action is *identical* to *K-Beech, Inc. v. John Does 1-29* (2011-cv-3331) and *K-Beech, Inc. v. John Does 1-52* (11-cv-3994). In this action, K-Beech only alleges that an application for Copyright Registration has been submitted for the Offensive Material, "Gang Bang Virgins." (See Complaint, Exhibit A to the Declaration of Geisa Balla, ¶¶ 11-12, Doc, 8-3). As in the other actions, Plaintiff here lacks a registered copyright, and cannot bring this lawsuit in the federal court. In the above-referenced actions, K-Beech's motions for leave to file a subpoena were denied because of its failure to allege a registered copyright. Here, the Court granted the motion for leave to file a subpoena, despite the fact that K-Beech does not have a registered copyright in the Offensive Material. However, the Court should quash this subpoena to prevent inconsistent decisions with this Court, and with well-established case law in the district courts.

### III. CONCLUSION

Plaintiff does not have a registered copyright in the Offensive Material, and, therefore, cannot bring a copyright infringement claim in this Court. Plaintiff has failed to make a concrete showing of a prima facie claim of copyright infringement. Plaintiffs Subpoena should be quashed. For the foregoing reasons, the Subpoena should be quashed, a protective order to protect my identity should be issued, the Complaint should be dismissed, and the Court should grant any other relief it deems just and proper.

Respectfully submitted,

/s/ John Doe No. 16
John Doe No. 16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| K-BEECH, INC.,<br><br>                      Plaintiff,<br>- against -<br><br>JOHN DOES 1-37<br>                      Defendants. | Civil Action No. 11-3995 (DRH)(AKT)<br><br>**DECLARATION OF DOE DEFENDANT 16 IN SUPPORT OF MOTION TO QUASH** |

JOHN DOE No. 16, declares, pursuant to 28 U.S.C. §1746, under penalty of perjury under the laws of the United States of America, that the following is true and correct:

I am John Doe # 16 in the above-captioned action.

I reviewed the Complaint in the underlying action, which contained allegations that I downloaded a movie file titled, "Gang Bang Virgins."

Neither I nor anyone else within my residence ever downloaded the above-mentioned movie.

At all relevant times, I had an unsecured wireless internet connection, which was apparently in reach of members of the public. I never consented to nor had reason to believe that anyone could or would use my wireless router to allegedly improperly download Plaintiff's Offensive Material.

Upon receipt of the Complaint, I reached out to Plaintiff and spoke to a self-described "Negotiator" in an effort to see if I could prove to them (without the need for publicly tying my name to the Complaint) that I had nothing to do with the alleged copyright infringements. The Negotiator was offered unfettered access to my computer, my employment records, and any other discovery they may need to show that I was not the culpable party. Instead, the Negotiator refused and was only willing to settle the Complaint for thousands of dollars. While the Negotiator said on October 24, 2011 that he would check to see if he could come down from the thousands of dollar settlement amount, the Negotiator has not responded to two voice mails that were left on October 25, 2011. Notably, the Negotiator justified the settlement amount because, in part, I would incur

legal fees in hiring an attorney. Because settlement discussions have ceased (and I was only willing to pay a nominal amount to avoid the wasted time I have now spent responding to this frivolous Subpoena), I am now filing the instant motion.

Dated: October 26, 2011                                       s/ John Doe No. 16
                                                              John Doe No. 16