FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   NOV 10 2011   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

K-BEECH, INC.,

                Plaintiff,

- against –

JOHN DOES 1-37

                Defendants.

Civil Action No. 11-3995 (DRH)(AKT)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN DOE #16's MOTION TO QUASH THE SUBPOENA PURSUANT TO FED. R. CIV. P. 45(c)(3), OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER.**

John Doe No. 16
Pro Se Defendant

Plaintiff K-Beech Inc. has failed to provide any evidence that I, John Doe #16 ("Doe"), took any actions in concert with John Does #1-15, 17-32 ("Does"). In fact, a review of Plaintiff's "evidence" showing the alleged infringing activity (see Dock. 1, p. 13-14), reveals that Doe allegedly only infringed on April 15, 2011 at 1:43. Plaintiff's "Negotiator" confirmed that Plaintiff has records of only one instance (at the date and time above) where Doe allegedly infringed on their Offensive Material. None of the other Does infringed at that time or even on the same day. Thus, Plaintiff's effort to join all Does together in this dispute is improper and fails to meet his burden under Rule 20.

Recent decisions from other courts (one of which involves the same Plaintiff) have similarly found that attempting to join numerous John Does through some tenuous bit torrent connection *fails* to satisfy Rule 20's requirements. *See* K-Beech, Inc. v. John Does 1-85, 2011 U.S. Dist LEXIS 124581, 4-6 (E.D. Va. Oct. 5, 2011) (Joinder is improper where Plaintiff merely alleged that defendants "used the same peer-to-peer network to copy and reproduce the Work-which occurred on different days and times over the span of three months"); Hard Drive Productions, Inc. v. John Does 1-30, 2011 U.S. Dist. LEXIS 119333, 8-10 (E.D. Va. Oct. 17, 2011) (analyzing several cases and concluding that the "mere allegations that Doe Defendants have used the same peer-to-peer network to copy and reproduce their videos is insufficient to meet the standards of joinder"); Collins, Inc., v. John Does 1-58, 2001 U.S. Dist. LEXIS 120235, 3-6 (E.D. Va. Oct. 5, 2011) (same).

Additionally, the courts in K-Beech, Inc. v. John Does 1-85 and Collins, Inc., also ordered plaintiffs to show cause why their actions did not violate Rule 11. The Court noted that plaintiffs appeared to use the court "as an inexpensive means to gain the doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually

litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does." Plaintiff, here, has not changed its tactics.[1]

Doe also notes that I was never served and Plaintiff does not have Doe's contact information. Accordingly, should Plaintiff's subpoena be enforced, Plaintiff will have to obtain personal jurisdiction over Doe. Thus, providing Plaintiff with Doe's contact information, as it was previously given to the Court, will improperly reward Plaintiff for his improper actions and punish Doe for attempting to raise legal infirmities within Plaintiff's subpoena. Doe respectfully requests that, in all cases, Doe's contact information (including Doe's address) be withheld from Plaintiff. Should this case proceed and Plaintiff obtains jurisdiction over Doe, Doe also requests that Doe's name be filed anonymously. This will cause no harm to Plaintiff, as Plaintiff will be able to proceed with his case. This will also prevent Plaintiff from harming Doe's reputation because Doe's good name will not be connected with Plaintiff's Offensive Material. In this scenario only, the actual merits of the case can be determined by the Court without the collateral, irreparable damage to Doe's reputation.

For all the reasons above, as well as Doe's original motion papers, the motion papers brought by the other Does that dispute the enforceability of Plaintiff's subpoena, Doe requests that Plaintiff's Subpoena should be quashed, a protective order be issued to protect my identity, the Complaint should be dismissed, and the Court should grant any other relief it deems just and proper.

Respectfully submitted,


/s/ John Doe No. 16
John Doe No. 16

---

[1] Indeed, there are numerous websites that highlight many of the abuses and the "litigation strategy" of Plaintiff and similar companies. See www.torrentlawyer.wordpress.com; www.fightcopyrighttrolls.com;

November 9, 2011

**VIA PRIORITY MAIL**

Honorable A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

    Re:   *K-BEECH, INC., v. John Does 1-37*
           Civil Action No.: 11-3995

Dear Magistrate Judge Tomlinson:

I hereby submit the attached Reply in Support of Doe #16's Motion to Quash Plaintiff's Subpoena, and for a protective order protecting my name and my contact information. All documents submitted herein were mailed to all parties of record.

Thank you for your consideration in this matter.

Very truly yours,


/s/ John Doe No. 16
John Doe No. 16